IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| RANDSTAD INHOUSE SERVICES, L.P., | ) ) ) |
| Plaintiff, | ) ) Civil Case No. 08-738-KI |
| vs. | ) ) OPINION AND ORDER |
| W.C. BARLOW & ASSOCIATES, a Foreign Business Corporation, dba Finesse Personnel Associates, | ) ) ) ) ) |
| Defendant. | ) ) |

Clarence M. Belnavis
Jennifer A. Nelson
Fisher & Phillips LLP
111 SW Fifth Avenue, Suite 1250
Portland, Oregon 97204

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

      Scott T. Cliff
      5550 SW Macadam Avenue, Suite 220
      Portland, Oregon  97239

           Attorney for Defendant

KING, Judge:

     Plaintiff Randstad Inhouse Services, L.P. brings a claim for breach of contract, alleging defendant W.C. Barlow & Associates ("Barlow") dba Finesse Personnel Associates must indemnify it for $150,000 in attorneys' fees and costs it incurred in settling wage and hour claims brought by a former temporary employee Barlow provided Randstad.  Before the court is Barlow's Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) (#12).

## LEGAL STANDARDS

     Any party may move for judgment on the pleadings after the pleadings are closed.  Fed. R. Civ. P. 12(c).  The allegations of the nonmoving party are accepted as true; the allegations of the moving party which have been denied are assumed to be false.  Judgment on the pleadings is appropriate when there is no material issue of fact and the moving party is entitled to judgment as a matter of law.  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).  All inferences reasonably drawn from the alleged facts must be construed in favor of the nonmoving party.  General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989), cert. denied, 493 U.S. 1079 (1990).

**DISCUSSION**

Randstad asserts it is entitled to indemnity for its attorneys' fees and costs based on the following provision in the contract between Randstad and Barlow:

> Subject to the limitations as hereinafter set forth, Finesse Personnel Associates assumes and agrees to indemnify and save harmless Vesta Corporation and Randstad and their respective officers, agents and employees **from any liability and expenses** with respect to claims for **bodily injury or death or property loss or damage by whomsoever such claim may be asserted** (including specifically, but without limitations, employees of Vesta Corporation and Randstad, of Finesse Personnel Associates, and members of the general public) which claims are based in whole or in part upon any act or omission on the part of Finesse Personnel Associates, its agents, servants, or employees in providing Services.

Complaint Ex. 1, Article 7 at 2 (emphasis added).

Barlow makes a number of arguments, but I grant the motion on the basis that the term "expenses" does not include attorneys' fees and costs. The parties agree that Georgia substantive law applies (pursuant to the Agreement's choice of law provision). Georgia law provides that attorneys' fees "are not included in the term 'cost' or 'expenses' in the absence of some statutory provision, rule of court, or by contract of the parties." Money v. Thompson & Green Machinery Co., Inc., 155 Ga. App. 566, 271 S.E.2d 699, 699 (1980). As a matter of Georgia law, the term "expenses" does not include attorneys' fees unless the agreement expressly so provides. Bowers v. Fulton County, 227 Ga. 814, 183 S.E.2d 347, 348 (1971). Additionally, indemnification is separate from the duty to defend or pay attorneys' fees. City of Atlanta v. St. Paul Fire & Marine Ins. Co., 231 Ga. App. 206, 498 S.E.2d 782, 785 (1998). Here, the agreement does not provide for an award of attorneys' fees and does not define "expenses" to include attorneys' fees.

Randstad's argument that the agreement provides for indemnification of attorneys' fees and costs is unsupported. It relies on Robert & Co. Assoc. v. Pinkerton & Laws Co., 120 Ga.

Page 3 - OPINION AND ORDER

App. 29, 169 S.E.2d 360 (1969) and <u>Smith v. Miller Brewing Co.</u>, 255 Ga. App. 643, 566 S.E.2d 361 (2002). In the first case, the court did not inquire whether attorneys' fees could be awarded when the agreement provided indemnification for "all expenses incidental to the defense" and imposed the duty to "assume and pay for . . . the defense of any and all claims, litigation, and actions" as a result of an act or omission. <u>Robert & Co.</u>, 169 S.E.2d at 363. Given this provision, attorneys' fees were included in the indemnity obligation. Here, the word "expenses" is not tied to litigation defense costs or attorneys' fees.

Similarly, in the latter case, the court suggested that language indemnifying the entity "from all liabilities, *and the cost[s] and expenses of defending all claims of liability*" is an example of the express language necessary to impose an obligation to pay attorneys' fees. <u>Smith</u>, 566 S.E.2d at 363 (quoting from indemnity provision in <u>Smith v. Soft Comdex</u>, 250 Ga. App. 461, 550 S.E.2d 704, 706 (2001) (italics in original)). In contrast, the provision at issue here nowhere expressly connects the term "expenses" with the cost of defending claims.

Since the plain language of the term "expenses" in the parties' contract does not expressly state that it includes attorneys' fees or defense costs, applying Georgia law, Barlow is entitled to judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, I grant Defendant's Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) (#12). This case is dismissed with prejudice.

Dated this      5th          day of January, 2009.


                                                              /s/ Garr M. King
                                                          Garr M. King
                                                          United States District Judge